IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Milton Cintron (Y29494), | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20 C 0823 ) ) Hon. Marvin E. Aspen |
| C/O Bochnak, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

In this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983, Plaintiff Milton Cintron, a state prisoner, alleges Correctional Officer Bochnak used excessive force against him by closing the chuckhole in his cell door on his two fingers at the Kane County Adult Justice Center (Jail). Before the Court is Defendant's motion for summary judgment. For the reasons stated below, Defendant's motion is granted.

**I. Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material facts exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). A fact is material if it might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 508 (7th Cir.

1992).

The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carrol v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door Cty Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). "Thus, 'summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."' *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992) (quoting *Celotex*, 477 U.S. at 322 (1986)); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019).

When deciding a motion for summary judgment, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

**II. Northern District of Illinois Local Rule 56.1**

Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment in this court. The rule is intended "to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted). Local Rule 56.1(a) requires the moving party to provide a statement of material facts that complies with Local Rule 56.1(d). LR 56.1(a). Local Rule 56.1(d) requires that "[e]ach asserted fact must be supported by

2

citation to the specific evidentiary material, including the specific page number, that supports it. The court may disregard any asserted fact that is not supported with such a citation." LR 56.1(d)(2).

The opposing party must then respond to the movant's proposed statements of fact. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); LR 56.1(e). In the case of any disagreement, "a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." LR 56.1(e)(3). "[M]ere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). The party opposing summary judgment may also submit "a statement of additional material facts that complies with LR 56.1(d)." L.R 56.1(b)(3). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id*. A plaintiff's *pro se* status does not excuse him from complying with Local Rule 56.1. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

Defendant filed a Rule 56.1 statement of material facts with his motion for summary judgment. (Dkt. 50.) Consistent with the local rules, Defendant also provided Cintron with a Local Rule 56.2 Notice, which explains what Local Rule 56.1 requires of a litigant opposing summary judgment. (Dkt. 57.) Cintron failed to respond to Defendant's motion for summary judgment. Accordingly, the Court deems Defendant's facts, which are well-supported by record citations, admitted. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012).

**III. Facts**

Cintron was a pre-trial detainee at the Jail on December 6, 2019. (Dkt. 50, ¶ 1.) Correctional Officer Bochnak was collecting razors from the chuckholes in the cell doors. (*Id*., ¶ 2.) When Bochnak shut the chuckhole door after receiving the razor from Cintron's chuckhole, Cintron's fingers were caught in the chuckhole door, requiring Cintron to seek medical attention. (*Id*.)

Generally, razors and/or nail clippers are placed in a detainee's open chuckhole door (feed slots) for that detainee to use the items. (*Id*., ¶¶ 3-6.) The items are left for the detainee's use for approximately an hour during which time the chuckhole door remains open. (*Id*., ¶ 6.) Then, a correctional officer walks back around the housing unit, collects the items from the feed slots, and shuts the chuckhole door. (*Id*., ¶ 7.)

On December 6, 2019, at approximately 11:00 p.m., Bochnak was collecting razors from detainees as describe above. (*Id*., ¶ 9.) Cintron was standing when he saw Bochnak approach his cell. (*Id*., ¶ 10.) Cintron and Bochnak engaged in a conversation, the topic of which neither remembers. (*Id*.) During the conversation, Cintron had his hand "through the chuckhole." (*Id*., ¶ 10.) After the conversation, Bochnak held onto the door handle of Cintron's feed slot with his hand and tried to close the feed slot with his knee. (*Id*., ¶ 10.) Cintron yelled that Bochnak just shut the chuckhole door on his fingers. (*Id*., ¶ 11.) According to Cintron, Bochnak thought Cintron was lying or "playing," at which time Cintron told Bochnak he just shut his hand in the chuckhole and showed Bochnak his hand. (*Id*.) Bochnak released the chuckhole door. (*Id*., ¶ 13.)

Cintron was taken for medical care where he was given an ice pack and Tylenol or Ibuprofen. (*Id*., ¶ 17.) Medical x-rays were taken which were negative for fractures. (*Id*., ¶ 18.)

4

**IV. Analysis**

Because Cintron was a pretrial detainee, his excessive force claim arises under the Fourteenth Amendment's Due Process clause. *See Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Miranda v. County of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018). Under the Fourteenth Amendment, an officer's use of force is excessive where it "amounts to punishment," is "not 'rationally related to a legitimate governmental purpose,'" or "'appear[s] excessive in relation to that purpose'" when viewed objectively. *Miranda*, 900 F.3d at 351 (quoting *Bell v. Wolfish,* 441 U.S. 520 (1979)). Such an inquiry "requires careful attention to the facts and circumstances of each particular case." *Graham v. Connor*, 490 U.S. 386, 396 (1989). These circumstances include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Lombardo v. City of St. Louis Missouri*, 141 S. Ct. 2239, 2241 (2021) (citing *Kingsley*, 576 U.S. at 397).

Importantly, negligence nor gross negligence is not enough for liability to attach; instead, a defendant's conduct must be objectively unreasonable, which means that the conduct must be "more than negligence .. something akin to reckless disregard[.]" *Miranda*, 900 F.3d at 353-54.

Here, under the applicable circumstances, no reasonable juror could find that Bochnak's conduct rose to a constitutional violation. The undisputed facts show that Cintron and Bochnak were having an unremarkable conversation while Bochnak was retrieving razors in the same manner as always done. Bochnak started to close the chuckhole door with his knee after retrieving the razor and ceased doing so after Cintron yelled. Cintron himself describes the incident as

5

Bochnak not realizing he closed the door on Plaintiff's hand and thinking that Cintron was "playing." Once Bochnak knew of the incident, he stopped closing the door and Cintron received medical care. The resulting injuries required only an ice pack and over-the-counter pain medication. At most, Bochnak's conduct was negligence, which does not rise to a constitutional violation.

## V. Conclusion

For the reasons stated above, the Court grants Defendant's motion for summary judgment [48]. Final judgment shall enter for Defendant on all claims.[1]

_____
Honorable Marvin E. Aspen
United States District Judge

Date: March 9, 2022

---

[1] If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Ibid.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court stating the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).